# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

### INDEX OF CASES DOCKETED

Balt & O. S. W. v. Badger............18944
Grossweiler v. State..................18956
Kant.Score Piston Co. v. Hallstead.....18949
Kant-Score Piston Co. v. Woodead.....18950
Katz v. Motorade Corp................18947
Kissinger, et v. Hill Admr.............18945
McClain v. Sharits...................18948
Toledo (City) v. Community Trac. Co...18954
Youngs v. N. Y. Cent. R. Co...........18946

### FEBRUARY 7

18944—Baltimore & Ohio Southwestern Railroad Co. v. William A. Badger; motion, Ross appeals to certify. John P. Phillips, Minshall & Phillips and Gordon Phillips, Chillicothe, for plaintiff, W. M. McKenzie and J. D. Withgott for defendant.

18945—Georeg W. Kissinger, Charles R. Kissinger, et al v. Alva Hill, Adm. Spence, motion to Warren Appeals to certify. Jos. T. Harrison, Cincinnati, for plaintiffs, Eltzroth, Maple & Maple, Lebanon, for defendants.

### FEBRUARY 9

18946—Floyd J. Youngs v. Cent. R. Co; motion to Lucas Appeals to certify. Chas. A. Thatcher and Chester A. Meek, Toledo, for plaintiff; Doyle & Lewis, Toledo, for defendant.

18947—Blanch Katz, by A. B. Katz, v. Motorade Corp; motion, Cuyahoga Appeals to certify. Horace Neff, Cleveland, for plaintiffs; J. C. Bloch, Cleveland, for defendant.

### FEBRUARY 10

18948—Sumner McClain, mayor of Troy, et, v. John Sharits. Miami Appeals; motion to certify. W. A. Haines, Troy, for plaintiff; Wm. H. Gilbert, G. T. Thomas, F. C. Goodrich, Troy; Bert Buckley and W B. Turner, Dayton, for defendant.

18949—Kant-Score Piston Co. v. Leon B. Hallstead, Hamilton Appeals; motion to certify. Lorbach & Garver, Cincinnati, for plaintiff; Buchwalter, Headley & Smith, Cincinnati, for defendant.

18950—Kant-Score Piston Co. v. Fred Woodead. Hamilton Appeals; motion to certify. Lorbach & Garver, Cincinnati, for plaintiff.

18954—City of Toledo v. Community Traction Co. and Toledo Edson Co. Lucas Appeals; motion to certify. F. M. Dotson, Director of Law, and Gustavus Ohlinger, of counsel, Toledo, for plaintiff; Tracy, Chapman & Welles, Toledo, for defendants.

18956—Harold Grossweiler v. State of Ohio; Stark Appeals; motion for leave to file petition in error. Elson Wefler, Massillon, for plaintiff; C. B. McClintock, Pros. Atty., Canton, for defendant.

## PROCEEDINGS OF
## SUPREME COURT

### WEEKLY REPORT OF
### CASES DECIDED
### TUESDAY, FEBRUARY 10, 1925.
### INDEX OF CASES DECIDED

#### GENERAL DOCKET

Empire Gas & Fuel Co. v. Coolahan....18609
Longbrake v State....................18746
State ex Garver v. Adair, et...........18936

#### MOTION DOCKET

Brown v. State.......................18904
Davis Agent v. Atlas Assu. Co.........18868
Early v Kline, et.....................18864
Industrial Com. v Ritz................18849
McWilliams v. Roth Packing Co........18857
Marginean v. Storage, Trans. & S. Co...18854
Penna Rd. Co. v. Rice Coal Co.........18855
Psaris v. Fredericks..................18856
State v. Appenzeller, et...............18882
State v. Ferranto....................18916
Steffner, et v. Steffner...............18887

#### GENERAL DOCKET

18609—Empire Gas & Fuel Co., v. P. J. Coolahan et al.; error to Wayne Appeals. Judgment aff. Marshall, C. J., Jones, Matthias, Day, Allen Kinkade and Robinson, JJ., Concur. Dock 5-26-24; 2 Abs. 321; Mo. Cer. Sus. 2 Abs. 474.

18746—Guy Longbrake v. State of Ohio; error to Logan Appeals. Judgment aff. Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., Concur. Dock. 8-5-24; OS. Pend. 2 Abs. 757.

18936—State, ex rel. Sylvus Garver, as Supt. Ohio Soldiers and Sailors Orphans Home, Xenia, v. Robert L. Adair et al. In Prohibition. Alt. writ denied. Dock. 2-4-23, 3 Abs. 94.

#### MOTION DOCKET

18849—Industrial Commission v. George Ritz. Stark Appeals to certify. Overruled. Dock. 12-8-24, 2 Abs. 770.

18854—Alex Marginean et al. v. Storage Transfer and Supply Co. Trumbull Appeals to certify. Overruled. Dock 12-9-24, 2 Abs. 770.

18855—Pennsylvania Rd. Co. v. Rice Coal Co. Muskingum Appeals to certify. Allowed. Dock 12-10-24, 3 Abs. 2.

18856—James Psaris v. Alma Fredericks. Stark Appeals to certify. Allowed. Dock 12-11-24, 3 Abs. 2.

18857—Corneal J. McWilliams et al. v. John C. Roth Packing Co. et al. Hamilton Appeals to certify. Overruled.

18864—Sol. S. Earley et al. v. Jane Kline et al. Greene Appeals to certify. Overruled. Dock 12-11-24, 3 Abs. 2.

18868—James C. Davis, agent, etc. v. Atlas Assurance Co. Ltd. et al. Cuyahoga Appeals to

certify. Allowed. Dock 12-16-24, 3 Abs. 2; OS. Pend. 3 Abs. 20.

18868—James C. Davis, Agent, etc. v. Atlas Assurance Co. Ltd. et al. By defendants to dismiss pet. in err. as of right. Overruled. See 18868. Ante.

18882—State of Ohio v. Christian Appenzeller et al. An order directing the Court of Appeals of Franklin County to certify its record. Overruled. Dock 12-27-24, 3 Abs. 2.

18904—Henry Brown v. State. For leave to file pet. in err. to Hamilton Appeals. Overruled.

18916—State of Ohio v. Cosmo Ferranto. For leave to file pet. in err. to Cuyahoga Appeals. Allowed. Dock. 1-16-25. 3 Abs. 50.

18887—Charles Adolph Steffner et al. v. Edward J. Steffner. Cuyahoga Appeals to certify. Dismissed on application of plaintiff in error. Dock 1-2-25, 3 Abs. 18.

# Abstracts of Last Week's SUPREME COURT OPINIONS

## No. 160

No. 18746—Guy Longbrake v. State of Ohio. Error to Logan Appeals.

**981. PURE FOOD LAWS—1. Legislature may regulate or prohibit the use of saccharin in food or drinks.**

**2. Sec. 1089-9 GC. prohibiting use of in soft drinks is constitutional and valid.**

**3. Act not invalid because confined to bottled or other soft drinks.**

1. Section 1089-9. General Code, prohibiting the use of saccharin in bottled soft drinks, is constitutionally valid and within the inherent police powers of the state.

2. Whether such use of saccharin would be a menace to or might be injurious to health, or whether because of its intensive sweetening power it might be used as a substitute for sugar, is a question for legislative determination and is conclusive upon the courts. Within its discretion the Legislature may regulate or prohibit the use of saccharin in food or drinks.

3. The fact that such legislation was confined to bottled or other soft drinks, and was not extended to other foods, does not render the act invalid because of discrimination. (See Bow v. City of Cleveland, 99 Ohio St., 269, followed.)

Judgment affirmed.

Marshall, C. J. Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

## No. 161

No. 18609—Empire Gas & Fuel Co. v. P. J. Coolahan and Elizabeth Coolahan. Error to Wayne Appeals.

**707. LEASES—Acknowledgement of by a notary or Justice, taken outside the his county, for lands so located, is null and void.**

MARSHALL, C. J.

An acknowledgement of a lease taken by a notary public or justice of the peace at a place within the state and outside of the county in and for which such notary public or justice of the peace is commissioned, for lands located outside of such county, is null and void. Lessee of Moore v. Vance, 1 Ohio 1; Lessee of Kinsman v Loomis, 11 Ohio 475; Crumbaugh v.

Kugler, 2 Ohio St., 374; Moore v. Lesee of Moore, 3 Ohio St., 154, distinguished.

Judgment affirmed.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

# Weekly Abstract of PENDING CASES

## No. 162

PENNA. R. R. CO. v. RICE COAL CO.

No. 18855. Supreme Court.

Pending on motion to direct Muskingum Appeals to certify. Dock. 3 Abs. 2. Dec. 10, 1924. Motion allowed 2-10-25, 3 Abs. 98.

**681. JURISDICTION—Where consignee orders re-consignment of coal, which has jurisdiction of the transaction, Interstate Commerce Commission, or the Courts?**

The case grows out of seven shipments of coal made by the Rice Coal Co., over the Pennsylvania Railroad, made f.o.b. Roseville, to Toledo, for lake and export shipment.

In the settlement between the consignee and the Rice Coal Company for the coal, allowance was made for the transportation charges between Toledo and Sandusky, and this action was brought by the Rice Coal Company to recover the amount of the charges which had been paid, upon the theory that there was a breach of contract to deliver for lake and export shipment at Toledo.

It is the contention of the Railroad Company that there was no breach of contract, in that the consignee took charge of the coal by ordering re-consignment, and if there was any claim of any kind to be asserted by the Coal Company, growing out of these transactions, that the same was wholly within the jurisdiction of the interstate Commerce Commission and not the court's.

**Attorneys**—Meyer & Crossan, Zanesville, for Railroad Co.

## No. 163

STATE Ex SIMON v. CORIEL, Aud.

No. 18869. Supreme Court

Pending on motion to have Wood Appeals certify record. Dock. Dec 17, 1924. 3 Abs. 2. Motion to certify overruled. For OA Opinion see 3 Abs. 58.

**998.—RE-APPRAISEMENT—Does Board of Commissioners have right to order Auditor to proceed with?**

Simon, the realtor, brought an action in the Wood Common Pleas as a taxpayer, seeking to restrain Coriel, the Auditor of Wood County from proceeding with a general reappraisement of the property in Wood County. The petition alleged that the auditor filed with the Comm. his report in which he declared that the property in Wood County appeared upon the tax duplicate assessed for taxation in the aggregate at its true money value. The Board, after some consideration of said report ordered the auditor to make a reappraisal on the ground that his report was not the true value in money.

The auditor, thereupon, employed a number of assistants and experts and proceeded with the making of such general reappraisement.